**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LEE RICHES,                           )     No. C 07-5868 MJJ (PR)
                                               )
           Plaintiff,                          )     **ORDER OF DISMISSAL**
                                               )
     v.                                        )
                                               )
JERRY RICE, et al.,                            )
                                               )
           Defendants.                         )
_____ )

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42

U.S.C. § 1983 against Jerry Rice and Bill Walsh, the former player and coach of the San

Francisco 49ers football team.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. §

1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings

must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

(9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law.  See

West v. Atkins, 487 U.S. 42, 48 (1988).

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of

G:\PRO-SE\MJJ\CR.07\riches23.dsm.wpd

the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992). Examples are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar.  See Neitzke v. Williams, 490 U.S. 319, 328 (1989).  To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  See id. at 32-33.

Plaintiff alleges defendant Jerry Rice "is torturing my mind when he was on t.v. dancing with the stars, smiling at me, knowing I'm suffering hardship and pain."  Plaintiff further alleges defendants are "influencing" prison officials not to feed him adequately. Plaintiff alleges defendant Bill Walsh "is in secret relations with John Walsh, America's most wanted, and Walsh from Watergate, Brandon Walsh 90210, at Nats Café."  Plaintiff further asserts defendants "play football with my 6th Amendment rights."  Plaintiff seeks defendants' superbowl rings, ten million dollars, a restraining order and "witness protection." As plaintiff's allegations are clearly baseless, irrational or wholly incredible, the complaint will be dismissed as frivolous under sections 1915A and 1915(e)(2).

For the foregoing reasons, this action is DISMISSED.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 12/18/07

MARTIN J. JENKINS
United States District Judge

United States District Court
For the Northern District of California

G:\PRO-SE\MJJ\CR.07\riches23.dsm.wpd      2